UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SCOTT E. DEUTSCH, | ) | CASE NO. 13-50146 - MGD |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| | ) | |
| JORDAN E. LUBIN, as Chapter 7 Trustee for Scott E. Deutsch, | ) ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | NO. _____ |
| SCOTT E. DEUTSCH and REMANUFACTURING & DESIGN GROUP, LLC, | ) ) ) | |
| | ) | |
|     Defendants. | ) | |

**COMPLAINT FOR TURNOVER AND EQUITABLE RELIEF**

COMES NOW Jordan E. Lubin, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Scott E. Deutsch, Plaintiff herein, by and through the undersigned counsel, and files this *Complaint for Turnover and Equitable Relief* (the "Complaint") against Scott E. Deutsch ("Deutsch") and Remanufacturing & Design Group, LLC ("RMDG") showing as follows:

**JURISDICTION, VENUE AND PARTIES**

1.

This Court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 157 and 1334(b).

455793

2.

This Complaint is a core proceeding under 28 U.S.C. § 157 because it is, *inter alia*, a proceeding to obtain an order to turn over property of the estate.

3.

On January 2, 2013 (the "Petition Date"), Deutsch filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Georgia, Atlanta Division. Jordan E. Lubin, Plaintiff herein, is the acting Chapter 7 trustee.

4.

Venue is proper in this Court under 28 U.S.C. § 1409(a).

5.

Deutsch is an individual who resides at 9080 Twelvestones Drive, Roswell, Georgia 30076. Deutsch may be served at 9080 Twelvestones Drive, Roswell, Georgia 30076.

6.

RMDG is a Georgia Limited Liability Company with a principal place of business at 1735 Buford Highway, Cumming, Georgia 30041. RMDG may be served through its Chief Executive Officer and registered agent, Ryan P. Jacobs at 1735 Buford Highway, Cumming, Georgia 30041.

**STATEMENT OF FACTS**

7.

From 1992 until February 18, 2009 Deutsch was employed by Contract Furniture Refinishing & Maintenance Corp. of Georgia d/b/a The Refinishing Touch ("TRT"). On February 18, 2009, Deutsch terminated his employment with TRT.

455793

8.

After termination of his employment, in 2009, TRT filed a complaint against Deutsch in the Superior Court of Fulton County, Georgia, civil action no. 2009-CV-167241 (the "Superior Court Action").

9.

TRT alleged in the Superior Court Action, among other things, that Deutsch, as TRT's Director of Operations, intentionally and willfully breached his fiduciary duties owed to TRT. More specifically, plaintiff in the Superior Court Action, alleged, in part, that beginning in October 2008, while Deutsch was employed full-time as TRT's Director of Operations, Deutsch, along with certain other investors, formed and began operating RMDG, misappropriated and kept TRT's confidential and proprietary information, took and used property of TRT and used the property to form and support RMDG.

10.

In December, 2012, a jury trial was held in the Superior Court Action and a verdict was returned by the jury in favor of TRT and against Deutsch.

11.

Based on the jury's verdict in favor of TRT, on December 14, 2012, the Superior Court entered a Final Judgment in favor of TRT and against Deutsch in the total amount of $615,572.38.

12.

On his Statement of Financial Affairs filed January 2, 2013, Question 1 – Income from employment or operation of business – Deutsch scheduled $101,000.00 as 2012 YTD Debtor's

3

Income (Doc. No. 1 at page 6 of 53). At his reset meeting of creditors held on March 5, 2013 pursuant to 11 U.S.C. Section 341 (the "Section 341 Exam"), Deutsch testified under oath that that this total also included his wife's YTD income for 2012.

13.

At the Section 341 Exam, Deutsch testified under oath that he owns a 20% membership interest in RMDG and that all the income attributed to him for 2012 came from RMDG.

14.

The 2012 federal tax return of RMDG produced to the Trustee by Deutsch shows that Deutsch received $616,867.00 in distributions from RMDG for the 2012 tax year.

15.

Any distributions to Deutsch on account of his 20% ownership interest in RMDG made and received by Deutsch after the Petition Date or currently due to him are property of the bankruptcy estate subject to turnover.

## COUNTS

### Count I—Turnover

16.

Plaintiff re-alleges paragraphs 1-15 above as if fully set forth herein.

17.

Plaintiff is entitled to an Order directing Debtor to turn over to the Trustee all amounts paid to him since the Petition Date on account of his 20% membership interest in RMDG.

18.

In the alternative to the relief sought in the paragraph above, Plaintiff is entitled to a

judgment against Scott Deutsch for the value of all amounts paid to him since the Petition Date on account of his 20% membership interest in RMDG either by RMDG itself or by any person who may have purchased said interest.

### Count II—Accounting

19.

Plaintiff re-alleges paragraphs 1-18 above as if fully set forth herein.

20.

Section 542 of the Bankruptcy Code requires that a party account for all property of the estate that has come into its possession.

21.

The Court should compel Debtor to furnish the Trustee with an accounting of all amounts paid to him since the Petition Date by RMDG or on RMDG's behalf.

### Count III—Preliminary and Permanent Injunction

22.

Plaintiff re-alleges paragraphs 1-21 above as if fully set forth herein.

23.

Plaintiff is entitled to a preliminary and permanent injunction enjoining RMDG from altering its ownership, membership or profit sharing by-laws or guidelines so as to limit Deutsch' entitlement to distributions on account of his 20% membership interest in RMDG.

455793

### Count IV—Charging Order

24.

Plaintiff re-alleges paragraphs 1-23 above as if fully set forth herein.

25.

Plaintiff is entitled to an Order as provided for in O.C.G.A. § 14-11-504, charging RMDG with paying over to Plaintiff all sums, distributions, draws, financial entitlements, or other financial interests of Defendant Scott E. Deutsch due or owed now or in the future to Defendant on account of his direct or indirect interest in RMDG.

**WHEREFORE**, Plaintiff prays that this Court enter a Judgment in favor of Plaintiff and:

(a) against Defendant Deutsch directing that Deutsch turn over all amounts paid to him since the Petition Date on account of his 20% membership in RMDG by RMDG or on its behalf or awarding Plaintiff judgment for the value of said disbursements;

(b) against Defendant Deutsch ordering that Deutsch provide Plaintiff with an accounting with regard to all amounts paid to him since the Petition Date by RDMG or on RDMG's behalf;

(c) against Defendant RMDG enjoining RMDG from altering its ownership, membership or profit sharing by-laws or guidelines so as to limit Deutsch' entitlement to distributions on account of his 20% membership interest in RMDG;

(d) against Defendant RMDG charging RMDG with paying over to Plaintiff all sums, distributions, draws, financial entitlements, or other financial interests of Defendant Scott E. Deutsch due or owed now or in the future to Defendant on account of his direct or indirect interest in RMDG; and

455793

(e) awarding such other and further relief as the Court deems proper.

This 22nd day of July, 2015.

          LAMBERTH, CIFELLI,
            ELLIS & NASON, P.A.
          Attorneys for Plaintiff

By:        /s/
          Stuart F. Clayton, Jr.
          Georgia Bar No. 129743
          sclayton@lcsenlaw.com

By:        /s/
          Gregory D. Ellis
          Georgia Bar No. 245310
          gellis@lcsenlaw.com

3343 Peachtree Road, N.E., Suite 550
Atlanta, GA  30326
(404) 262-7373

455793